IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PATRICK HANRAHAN,

    Plaintiff,

vs.                                       Civ. No. 99-242 BB/LCS

PAT RUBIOLA, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's Unreasonable Seizure, Due Process and Punitive Damages Claims, (docket entry #22), filed on November 15, 1999. The Court, having considered the Complaint, the memoranda submitted by the parties and the applicable law, finds that the Motion is well taken and it will be granted in part.

Plaintiff claims to have been beaten during his arrest. On a motion to dismiss, the factual allegations in the Complaint are taken as true. *Dewell v. Lawson, 489 F.2d 877, 879* (10th Cir. 1974). Plaintiff claims that the beating constituted cruel and unusual punishment, was an unreasonable seizure, and denied him due process of law. He claimed for compensatory and punitive damages.

Defendants contend that they are not liable for punitive damages if sued in their official capacity, citing *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). The Court agrees. However, it is not clear from the Complaint that Plaintiff is suing the officers in their official capacities, and he did not in his response contend that he was. To the extent that he is, I recommend that the Defendants' Motion be granted.

Defendants contend that Plaintiff's due process claim should be dismissed. As a matter of procedural due process, they argued that it fails to state a claim because an adequate state post-deprivation remedy exists, namely, the New Mexico Tort Claims Act. Defendants are correct. *See Hudson v. Palmer,* 486 U.S. 517 (1984). As a matter of substantive due process, they contend that the claim should be dismissed because a claim of excessive force in the context of an arrest should be analyzed under the fourth amendment, rather than under the substantive due process approach, and Plaintiff has already alleged a fourth amendment claim. Defendants are again correct. *See Graham v. Cooper*, 490 U.S. 386 (1989). Accordingly, the Court recommends that Plaintiff's due process claim be dismissed.

Defendants finally claim that Plaintiff's cruel and unusual punishment claim should be dismissed, because the eighth amendment applies only to excessive force claims that arise after conviction, not at the time of arrest. Defendants are again correct. *See Dennis v Thurman*, 959 F.Supp. 1253 (C.D.Cal. 1997). Accordingly, the Court recommends that Plaintiff's excessive force claim, to the extent that Plaintiff has contended that it is an eighth amendment claim, be dismissed.

Within 10 days from receiving a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition a party may file written objections to them. A party must file its objections within 10 days with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Blvd. NW, Albuquerque, NM 87102, if it desires further review; if it fails to do so, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
United States Magistrate Judge